## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAXTON LEVI HUGHES,** | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-152 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN H. QUAY,** | : | |
|     Respondent | : | |

## MEMORANDUM

On January 27, 2021, *pro se* Petitioner Braxton Levi Hughes ("Petitioner"), while still incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner asserts that he is "being illegally held past [his] sentence because [he] was sentenced to months, not years." (*Id.* at 6.) Petitioner also asserts that he was assessed an illegal fine for a plastic weapon made out of items he purchased from commissary. (*Id.*) As relief, Petitioner requests that the Court order the Bureau of Prisons ("BOP") to calculate his time properly. (*Id.* at 7.) He also seeks $1,000.00 per day for illegal incarceration and reimbursement of the $200.00 fine. (*Id.*) The next day, Petitioner was released from custody. Following an Order to show cause (Doc. No. 4) and an extension of time (Doc. Nos. 5, 6), Respondent filed a response to the petition on February 19, 2021 (Doc. No. 7).

On August 7, 2013, Judge Crone of the United States District Court for the Eastern District of Texas sentenced Petitioner to 96 months' incarceration for violating 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. (Doc. No. 7-2 at 3.) Judge Crone also imposed a three (3)-year period of supervised release to follow Petitioner's incarceration. *See United States v. Hughes*, No. 1:13-cr-15 (E.D. Tex.) (Doc. No. 31). Petitioner was released from BOP custody on January 28, 2021. (Doc. No. 7-2 at 3-4.) Respondent asserts that Petitioner's § 2241 petition should be dismissed because: (1) it is moot because Petitioner is no longer in custody; (2) the BOP properly calculated Petitioner's sentence; and (3) monetary relief is not available through § 2241. The Court considers these arguments below.

The case or controversy requirement of Article III requires that parties continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). In the context of a challenge to the execution of a sentence under § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). However, once the petitioner is released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.* As the United States Court of Appeals for the Third Circuit has stated:

> [m]ootness does not arise when a defendant who *remains imprisoned* challenges his conviction or sentence, nor when a defendant "who is serving a term of supervised release elects to challenge only his sentence of supervised release." In those instances, "[a] defendant

2

enjoys a presumption of collateral consequences. But, when a defendant who is on supervised release challenges "only his completed sentence of imprisonment," [the Court] will not presume collateral consequences, and the appellant must set them forth.

*United States v. Peppers*, 779 F. App'x 934, 936 (3d Cir. 2019) (internal citations omitted).

In the instant case, Petitioner was released from BOP custody on January 28, 2021. His challenge to his sentence calculation is, therefore, moot, and he must demonstrate a collateral consequence for this action to continue. As an initial matter, the BOP properly calculated his sentence. As the District of New Jersey recently noted:

> As demonstrated in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), federal sentences are not calculated by multiplying the number of months in the sentence times 30 days to determine the length of the term of confinement to be served. Rather, federal sentences are calculated in terms of years, months and days. For the purpose of calculating sentences, 365 days (366 days in the case of a leap year) is equal to 12 months, or one year.

*Walsh v. Ortiz*, No. 19-20921, 2021 WL 22428, at *3 (D.N.J. Jan. 4, 2021). Petitioner was sentenced to 96 months, which is the equivalent of eight (8) years. He is not entitled to any credit for any extra days due to leap years. Moreover, even assuming *arguendo* that Petitioner is entitled to any sentencing credit, any argument that any overserved time could be applied to a potential violation of supervised release presents an "insufficient collateral consequence." *See Peppers*, 779 F. App'x at 938 (rejecting the same argument).

As noted *supra*, Petitioner also seeks monetary damages, as well as reimbursement of a $200.00 fine imposed because of a disciplinary incident. (Doc. No. 1 at 7.) Monetary damages, however, are not available in a § 2241 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Massaquoi v. Thomas*, 545 F. App'x 118, 120 n.2 (3d Cir. 2013). Likewise, Petitioner's challenge to the disciplinary fine is not cognizable under § 2241 because it does not amount to a challenge to the fact or duration of his confinement. *See, e.g.*, *Trader v. United States*, 281 F. App'x 87, 88 (3d Cir. 2008); *Ushery v. Quay*, No. 3:20-cv-1466, 2020 WL 7229936, at *1 (M.D. Pa. Dec. 8, 2020); *Gonzalez v. Fed. Bureau of Prisons*, No. 3:14-cv-887, 2014 WL 6770010, at *1 (M.D. Pa. Dec. 1, 2014).

In sum, Petitioner's challenge to his sentence calculation is moot because of Petitioner's recent release from BOP custody. In any event, the BOP properly calculated Petitioner's sentence. Moreover, the Court lacks jurisdiction over Petitioner's requests for monetary damages and the reimbursement of the $200.00 fine. For these reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: February 23 , 2021